EL PUEBLO, DEMANDANTE Y APELADO, *v.* CERECEDO, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª., en causa por venta de billetes de lotería.

No. 672.—Resuelto en junio 23, 1914.

LOTERÍA—COMPRADOR DE BILLETES—DECLARACIÓN DE UN CÓMPLICE.—El comprador de billetes de lotería no es un cómplice del vendedor, y por tanto su declaración es admisible sin necesidad de corroboración.

ID.—SUFICIENCIA DE LA PRUEBA.—Examinada la evidencia en este caso, se resolvió que era suficiente para probar el delito de venta de billetes de lotería por el acusado.

Id.—Prueba Obtenida por Medio de un Mandamiento de Allanamiento—Obje-
ción Contra la Misma en el Acto del Juicio.—Cuando una corte está cele-
brando un juicio criminal, no tomará en consideración la objeción que se haga
a la forma en que se hayan obtenido los documentos que se presenten debida-
mente como prueba y que sean esenciales a la causa que se está investigando.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

Abogados del apelante: *Sres. Travieso & Iriarte* y *Jacinto
Texidor.*

El Juez Asociado Sr. del Toro, emitió la opinión del tri-
bunal.

La acusación en este caso, copiada en lo pertinente, dice
así:

"El citado Manuel Cerecedo allá en uno de los días del mes de
agosto de 1913, en San Juan que forma parte del distrito judicial
del mismo nombre, vendió a Francisco Castañeda determinado número
de billetes de la lotería de Santo Domingo por determinada cantidad
de dinero. Este hecho es contrario a la ley para tal caso prevista
y a la paz y dignidad de El Pueblo de Puerto Rico."

El acusado alegó su inocencia y celebrada la vista, la Corte
de Distrito de San Juan, Sección 2ª., dictó sentencia decla-
rándolo culpable de un delito de lotería e imponiéndole la
pena de un mes de cárcel y el pago de las costas. Contra
la anterior sentencia se interpuso el presente recurso de ape-
lación.

El apelante especifica y argumenta en su alegato tres
errores, a saber:

1. Que la corte de distrito incurrió en error al admitir
como prueba la declaración de Francisco Castañeda, sin que
fuera corroborada por otra prueba, independiente y bastante
a demostrar la relación del acusado con la comisión del hecho
delictivo.

2. Que la corte erró al admitir como prueba un libro de
cuentas, y en él una de las cuentas que la parte que lo ofreció,
El Pueblo, llama la cuenta de Castañeda.

3. Que la corte erró al admitir como prueba los dos libros, el de cuentas y el copiador, presentados por El Pueblo como tomados en el registro hecho por el policía St. Elmo en la casa de Cerecedo, en virtud de orden de allanamiento expedida por el Juez Municipal de San Juan.

Examinemos el primer error. La prueba en este caso consistió: (a) en la declaración del testigo Francisco Castañeda. Este manifestó que fué a casa de Cerecedo en agosto a tratar sobre un negocio de un caballo y

"* * * cuando se iba a retirar, Cerecedo, le propuso que le colocará unos billetes en Río Piedras, y le vendiera cincuenta o cien, y él entonces le dijo que los mandara a ver si se colocaban y le exigió firmar un documento, que decía: 'Recibí del Sr. Cerecedo veinte y cinco pañuelos de seda a $2.25' y así lo firmó el testigo; y presentado por el Sr. Fiscal un papel, dice que ese es el documento, que firmó el mismo día que vino a tratar de lo del caballo; que los veinte y cinco pañuelos de seda son veinte y cinco billetes de la Lotería del Padre Billini de Santo Domingo. * * . *.

"Que después recibió veinte y cinco billetes de lotería de Santo Domingo, del Padre Billini, que le fueron enviados al apartado 131 del correo, y cuyo importe no ha pagado, porque los dió a vender a Caguas, y en eso vino el registro; y que a los cinco o seis días recibió por correo, en el apartado 131 un sobre con un papel dentro, que decía: 'Francisco Castañeda. Sírvase remitirme dinero en giro para enviarlo a su destino. Si quiere mercancía, venga pronto pues quedan pocos días.' * * *. Que los billetes eran veinte y cinco del sorteo de 7 de septiembre a $2.25; y que su apartado en Río Piedras es el 131. A la defensa contesta: Que él había comprado un caballo a Bernabé Martínez de Humacao, y como no lo pagó de contado le exigió una garantía, y él ofreció la firma de Virella, y Martínez la aceptó siempre que Cerecedo la aceptara porque Martínez tenía negocios con Cerecedo y le tenía que remesar dinero todos los meses; que fué a ver a Cerecedo, y esa fué su primera y última entrevista, y entonces le ofreció Cerecedo el negocio de billetes y él tomó los billetes para venderlos en Río Piedras, y colocarlos, buscando uno que se ganara la diferencia entre $2.25 en que los compraban, y $3.00 en que se vendían. * * *."

(b) en la declaración de Fernando J. Géigel, Juez Municipal de San Juan que expidió la orden de allanamiento "por

·virtud de declaraciones que se le habían presentado asegurando que Cerecedo se dedicaba a la venta de billetes de lotería'' y que presenció el registro. El testigo reconoció dos libros ocupados en casa de Cerecedo, uno en un escritorio pequeño de uso particular de Cerecedo, según éste le manifestó, y otro en un escritorio grande que había en la misma oficina de Cerecedo.

(*c*) en la declaración de Walter M. St. Elmo, Jefe del Bureau de Información del Gobierno, que practicó el registro hallando entre otras cosas ''mil y más billetes de lotería y un contrato firmado por Cerecedo para traer todos los meses diez mil billetes de Santo Domingo, unos libros, documentos y listas de lotería.'' El testigo reconoció los dos libros que le presentó el Fiscal.

(*d*) en una cuenta que figura en uno de los libros ocupados y reconocidos, que dice:

| "Terme.<br>Box 131. | | Franco. Castañeda—Name, | | | | Río Piedras. | |
|---|---|---|---|---|---|---|---|
| Date | | | Items. | | | .Debits. | |
| 9 | 7 | 25 | 2 | 35 | | 58 | 75 |

(*e*) en un libro copiador de cartas, que fué el otro ocupado y reconocido, en cuyo folio 2 aparece una cuenta a nombre de Francisco Castañeda idéntica a la ya presentada.

Esa prueba examinada en conjunto deja en el ánimo del juzgador la impresión clara y convincente de que el acusado se dedicaba al negocio de billetes de lotería. Sobre ésto, a nuestro juicio, no hay duda alguna. Veamos si el hecho específico imputado al acusado se comprobó debidamente.

Dicho hecho específico consistió en la venta de billetes por el acusado a Castañeda. Estudiada la declaración de Castañeda no se puede concluir que la llevada a efecto fuera una venta de contado, pero sí se puede deducir que al trasmitir Cerecedo a Castañeda los billetes, éste se hizo respon-

sable de su precio para con Cerecedo. De hecho fué una venta, quedando el precio aplazado. Castañeda a su vez iba a vender a otras personas los billetes adquiridos, pero no iba a hacerlo como agente de Cerecedo sino por su propia cuenta y riesgo. Cuando Cerecedo se dirigió a Castañeda por escrito después del contrato, no lo hizo para pedirle que le rindiera cuenta de la venta de los billetes, sino para que le pagara la totalidad del precio de los mismos. Siendo ello así, puede concluirse que el hecho específico imputado en la acusación al acusado quedó también comprobado en el juicio.

En cuanto al valor probatorio de la declaración de Castañeda, diremos que si se considera a dicho Castañeda como un simple comprador, entonces no es cómplice y su declaración no necesita corroborarse. Véase el caso de *El Pueblo* v. *Vázquez,* 19 D. P. R., 1045, y el recurso No. 671 *El Pueblo* v. *Cerecedo* que acabamos de decidir. Y si se le considera como cómplice, es indudable que no ya los documentos presentados por él mismo, sino los ocupados en la casa de Cerecedo, a presencia de éste, corroboran su declaración en la forma que la ley exige.

Examinemos el segundo error. Argumentándolo el apelante sostiene que los libros admitidos como prueba no se identificaron suficientemente. A nuestro juicio, no tiene razón el apelante. Los libros fueron ocupados en el registro practicado en la casa de Cerecedo por orden del Juez Municipal de San Juan, expedida a virtud de declaraciones que se le habían presentado asegurando que Cerecedo se dedicaba a la venta de billetes de lotería, y fueron encontrados, hallándose presente el acusado, en un escritorio particular de éste y en otro escritorio grande que había en la misma oficina. Y la parte de dichos libros ofrecida como prueba examinada en relación con lo declarado por el testigo Castañeda, se refiere claramente al delito investigado.

Examinemos el tercero y último de los errores alegados. Por él sostiene el apelante que la corte erró al admitir como prueba unos libros que fueron ocupados por virtud de una

orden de allanamiento expedida en violación del "precepto de la enmienda V de la Constitución de los Estados Unidos que protege a toda persona contra cualquier tentativa a hacerla declarar contra sí misma en un proceso criminal."

El apelante suscitó tal cuestión por vez primera en el acto mismo de la vista de la causa, y ya hemos decidido en el recurso No. 671 interpuesto por el mismo apelante, de acuerdo con la jurisprudencia constante de los tribunales americanos, que cuando una corte está celebrando un juicio criminal, no tomará en consideración la forma en que se hayan obtenido los documentos que se presenten debidamente como prueba y que sean esenciales a la causa que se está investigando.

Por virtud de todo lo expuesto, no apareciendo que se haya cometido error fundamental alguno en contra del acusado, procede declarar sin lugar el recurso y confirmar la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.